**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

EDWARD W. BERRY, JR.,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

Case No. 2:15–cv–1952–APG–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

       This matter involves Edward Berry's civil-rights action under section 1983 against the State of Nevada, the Public Defendant, the District Attorney, and a District Judge. Before the court is Mr. Berry's Application to Proceed *in forma pauperis* (#1) and complaint (#1-1). For the reasons stated below, Mr. Berry's Application to Proceed *in forma pauperis* (#1) is granted and his complaint should be dismissed.

**I.**    ***In Forma Pauperis* Applications**

       Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, Mr. Berry's affidavit states that he is unemployed, has no income, no money in the bank, and receives $877.00 per month in social-security benefits. His Application to Proceed *In Forma Pauperis* is granted.

## II.     **Mr. Berry's Complaint should be Dismissed**

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to 28 U.S.C. § 1915(e). Section 1951(e) authorize a federal district court to dismiss an action if it is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id*.

Pleadings prepared by *pro se* litigants are held to less stringent standards and are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). When reviewing a *pro se* plaintiff's complaint, the court accepts all material allegations as true and construes them in the light most favorable to the plaintiff. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (citations omitted).

However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin*., 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). If the court dismisses a complaint, leave to amend should be granted, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Mr. Berry's complaint should be dismissed because the state of Nevada is not a proper defendant under section 1983, *see Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997), and the Public Defendant, the District Attorney, and a District Judge are immune from suit for conduct taken in their official capacities, *see, e.g.*, *KRL v. Moore*, 384 F.3d 1105, 1112 (9th Cir. 2004).

Therefore, Mr. Berry's complaint should be dismissed for failing to state a claim upon which relief can be granted. If Mr. Berry elects to proceed with this action, he is directed to file an amended complaint that (1) names a defendant who is not immune from suit, (2) name a defendant who is responsible for the misconduct alleged, and (3) provide sufficient factual information (i.e., dates, times, names, details), which plausibly show that the named defendant violated the law.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint (#1).

IT IS RECOMMENDED that Plaintiff's complaint be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that the District Judge set a deadline to file an amended complaint in the event that this report and recommendation is adopted.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 23rd day of October, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE